WELCH, J.
Ceasar Shannon, an inmate formerly in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), and housed at Dixon Correctional Institute during all relevant times, appeals a judgment of the district court sustaining an exception of prescription in favor of the defendants-Dixon Correctional Institute Warden Darrell Vannoy and the State of Louisiana, through the DPSC-and dismissing Mr. Shannon's claims, with prejudice. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Mr. Shannon, an inmate formerly in the custody of the DPSC was housed at Dixon *445 Correctional Institute in Jackson, East Feliciana Parish, Louisiana during all material times herein. Mr. Shannon alleged his cell had a "large hole" in the ceiling that leaked water when it rained and that he and other inmates made multiple complaints and maintenance requests to fix the hole. According to Mr. Shannon, five-gallon buckets were often placed on the floor to catch rainwater. Mr. Shannon contends that on May 28, 2014, rainwater leaked through the hole and onto the floor and when he arose to go to the bathroom during the night, he allegedly slipped in a puddle and fell, sustaining injuries to his back, shoulder, and hip.
Five days later, on June 2, 2014, Mr. Shannon filed a grievance in accordance with the Louisiana Corrections Administrative Remedy Procedure Act ("CARP"), La. R.S. 15:1171 -1179, assigned case number DCI-2014-550, seeking formal review of his alleged slip-and-fall incident. Mr. Shannon exhausted his administrative remedy procedure ("ARP") on February 6, 2015, when his grievance was denied through the second step.
Thereafter, in July 2015, Mr. Shannon filed a 42 U.S.C. § 1983 action in federal court against Darrel Vannoy, employed by Dixon Correctional Institute as the Warden. Mr. Shannon advanced claims of negligence as well as deliberate indifference and violations of his civil rights under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. See Shannon v. Vannoy, No. CV 15-446-SDD-RLB (M.D. La.).
In October 2015, Warden Vannoy filed a motion to dismiss Mr. Shannon's claims pursuant to Rule 12(b)(6) 1 of the Federal Rules of Civil Procedure, arguing that inmate slip-and-fall cases are properly characterized as state law tort claims and are not actionable under § 1983. On April 18, 2016, the federal district court granted Warden Vannoy's motion to dismiss, and dismissed all of Mr. Shannon's federal claims against Warden Vannoy, with prejudice. See Shannon v. Vannoy, No. CV 15-446-SDD-RLB, 2016 WL 1559583 (M.D. La. Apr. 18, 2016) (unpublished). The federal district court held that Mr. Shannon's negligence claim is a state law tort claim, which is not actionable under federal law, as § 1983 requires a plaintiff to show deprivation of a federal right. Id. , 2016 WL 1559583, at *2. As to the alleged violations of his Eighth Amendment rights, the federal district court held that Mr. Shannon's allegations failed to state a claim sufficiently serious to constitute deliberate indifference under the applicable legal standards. Id. , 2016 WL 1559583, at *4. Finally, the federal district court declined to exercise 28 U.S.C. § 1367 supplemental jurisdiction over Mr. Shannon's state law claims (i.e., negligence claim), which the federal district court dismissed, without prejudice. Id.
On March 16, 2017, the United States Court of Appeals, Fifth Circuit affirmed the federal district court's judgment. Shannon v. Vannoy, 682 Fed.Appx. 283, 284 (5th Cir. 2017).
On April 11, 2017, Mr. Shannon filed the instant lawsuit in the 20th Judicial District Court ("JDC") in East Feliciana Parish, Louisiana, which is the parish where Dixon Correctional Institute is located. Mr. Shannon named as defendants Warden Vannoy, acting within the course and scope of his employment with the DPSC during all material times and under the *446 color of state law, and the State of Louisiana, through the DPSC.
The defendants filed a peremptory exception raising the objections of prescription, no cause of action, and res judicata. Regarding prescription, the defendants argued that Mr. Shannon's state law tort claims were prescribed because he filed suit outside of the one-year liberative prescriptive period applicable to delictual actions. The defendants argued that prescription on Mr. Shannon's claims began running on the date of his alleged accident, May 28, 2014. Prescription on his claims was suspended when he filed his ARP on June 2, 2014, which continued until the final decision on his ARP was delivered on February 6, 2015. During that period, prescription was suspended and began to run again from the date of exhaustion of the ARP, February 6, 2015, which pushed back the tolling of prescription to February 1, 2016.[2] Because Mr. Shannon did not file suit in state district court until April 11, 2017, the defendants argued his state law tort claims had prescribed.
The defendants further argued that the federal suit, which only named Warden Vannoy (in his official capacity) as a defendant, did not serve to interrupt or suspend prescription against Warden Vannoy or the State, through the DPSC. Mr. Shannon's state law tort claims against Warden Vannoy arose out of the warden's employment at Dixon Correctional Institute. In accordance with the doctrine of vicarious liability, the defendants argue that claims against employees that arise out of their employment must be brought against the employer, not the individual employee. Warden Vannoy's employer is the State, through the DPSC; thus, the defendants contend that Mr. Shannon's federal suit against Warden Vannoy should have also been filed against the State, through the DPSC. However, the defendants argued that the State is immune to suit on state law claims brought in federal court. Therefore, because Mr. Shannon only named Warden Vannoy as defendant in the federal suit, when he should have also named as defendant the State, through the DPSC, as the warden's employer, the federal suit against Warden Vannoy could not serve to interrupt or suspend prescription on Mr. Shannon's state law tort claims against Warden Vannoy and the State, through the DPSC.
Mr. Shannon opposed the defendants' exceptions. As to the exception of prescription, Mr. Shannon contended that the federal suit did interrupt prescription on his state law tort claims, and thus, his suit in state court was timely filed against the defendants. Even though the DPSC was not named as a defendant in the federal suit, Mr. Shannon argued that through vicarious liability, an employer is liable for *447 the torts of its employees committed in the course and scope of employment, making the employee and employer solidary obligors. Accordingly, Mr. Shannon averred that when prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors. Mr. Shannon argued that the filing of the federal suit interrupted prescription as to Warden Vannoy. Since Warden Vannoy is an employee of the DPSC, Mr. Shannon averred that interruption was also effective against his employer, the State, through the DPSC.
Following a hearing on September 11, 2017, the district court sustained the defendants' objection of prescription, dismissing all of Mr. Shannon's claims against the defendants, with prejudice. The district court ruled as follows:
The exception of prescription is sustained. I find that Mr. Vannoy was not timely served with the action in the Federal court. This is a final judgment because it terminates the litigation between the parties.
[...]
I mean to dismiss all-this action against all of the defendants as having been prescribed.
The district court signed a judgment in accordance with its ruling on October 4, 2017.[3] The judgment pretermitted a ruling on the defendants' objections of no cause of action and res judicata .[4] Mr. Shannon now appeals.
ASSIGNMENTS OF ERROR
Mr. Shannon assigns the following errors to the district court's judgment:
1) The Trial Court erred in finding that the filing of the lawsuit in federal court did not interrupt prescription. Legal error-de novo review.
2) To the extent the Trial Court found that the Middle District was not the proper venue for a case arising out of East Feliciana, that finding was in error. Legal error-de novo review.
3) To the extent the Trial Court found that the federal court lacked subject matter jurisdiction over the federal court action, that finding was in error. Legal error-de novo review.
4) The Trial Court erred in finding that service on Warden Vannoy in federal court has any effect on prescription in this case, because the United States Court Middle District of Louisiana was a court of competent jurisdiction and proper venue for a case arising out of East Feliciana Parish, which is in the middle district. Legal error-de novo review.
*448 LAW & DISCUSSION
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Mr. Shannon's personal injury claims arising from his alleged slip-and-fall incident while housed at Dixon Correctional Institute comprise a delictual action that is subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. See La. C.C. art. 3492 ; see also Raborn v. Albea, 2013-0633 (La. App. 1st Cir. 4/16/14), 144 So.3d 1066, 1070-1071, writ denied, 2014-1239 (La. 9/26/14), 149 So.3d 264. Any defendant objecting to a plaintiff's claim on the basis of prescription may do so by peremptory exception. La. C.C.P. art. 927(A)(1).
Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. A number of legal doctrines provide for exceptions to the tolling of a prescriptive period. For example, prescription may be renounced, interrupted, or suspended. See La. C.C. arts. 3449 - 3472. Prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. If an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La. C.C. art. 3462. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue, or from service of process within the prescriptive period, continues as long as the suit is pending. La. C.C. art. 3463. Interruption not only stops the running of prescription, it annuls the commenced prescription so that after the interruption ceases, a new prescription must commence. LeBreton v. Rabito, 97-2221 (La. 7/8/98), 714 So.2d 1226, 1229.
In contrast, suspension of prescription constitutes a temporary halt to its running. LeBreton, 714 So.2d at 1229. If prescription is suspended, the period of suspension is not counted toward accrual of prescription, and prescription commences to run again upon the termination of the period of suspension. La. C.C. art. 3472. Prescription is suspended for as long as the cause of suspension continues. After the cause for the suspension ends, the prescriptive time begins running, and the time which preceded the suspension is added to the time which follows it to compose the necessary period; only the period of the suspension is deducted. LeBreton, 714 So.2d at 1229.
The burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the face of the plaintiff's petition shows that the prescriptive period has run, and the plaintiff is contending there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. St. Romain v. Luker, 2000-1366 (La. App. 1st Cir. 11/9/01), 804 So.2d 85, 88, writ denied, 2002-0336 (La. 4/19/02), 813 So.2d 1083. Statutes regulating prescription are strictly construed against prescription and in favor of the obligation sought to be extinguished. Mallett v. McNeal, 2005-2289 (La. 10/17/06), 939 So.2d 1254, 1258.
Appellate review applicable to a peremptory exception depends on the manner in which the exception is heard. Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. See La. C.C.P. art. 931 ; Kelley v. General Insurance Company of America, 2014-0180 (La. App. 1st Cir. 12/23/14), 168 So.3d 528, 533, writs denied, 2015-0157, 20150165 (La. 4/10/15), 163 So.3d 814, 816. In the absence of evidence, *449 the exception must be decided on the facts alleged in the petition, which are accepted as true. Duckworth v. Louisiana Farm Bureau Mutual Insurance Company, 2011-2835 (La. 11/2/12), 125 So.3d 1057, 1072. When evidence is received at the trial of the exception, the appellate court reviews the district court's factual findings under the manifest error-clearly wrong standard. Warren v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 2014-0310 (La. App. 1st Cir. 11/20/14), 168 So.3d 436, 439, writ denied, 2015-0068 (La. 4/2/15), 163 So.3d 795. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the district court's legal conclusions are not entitled to deference. TCC Contractors, Inc. v. Hospital Service Dist. No. 3, 2010-0685 (La. App. 1st Cir. 12/8/10), 52 So.3d 1103, 1108. In this matter, no evidence was introduced at the hearing on the exception. Accordingly, we accept as true the facts alleged in the petition and apply the de novo standard to our review of the district court's legal conclusions.
Mr. Shannon filed his grievance pursuant to the provisions of CARP, La. R.S. 15:1171 -1179, which allows the DPSC and each sheriff to adopt administrative remedy procedures ("ARP") at their respective correctional institutions for receiving, hearing, and disposing of any and all complaints and grievances by an offender against the state, the DPSC, or its employees that arise while an offender is within the custody or under the supervision of the DPSC. See La. R.S. 15:1171(A) and (B). The broad scope of such complaints and grievances includes, but is not limited to:
any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes.
La. R.S. 15:1171(B).
All complaints and grievances, including traditional tort claims seeking monetary relief, are subject to administrative procedures. This is clearly shown by La. R.S. 15:1172(B)(1), stating that an offender shall initiate his administrative remedies for a delictual action for injury or damages within 90 days from the day the injury or damage is sustained. Additionally, La. R.S. 15:1184(A)(2) of the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust the ARP process prior to asserting any claim under state law.[5] While an offender's ARP is pending, CARP provides for the suspension of prescription as to the offender's tort claims, as stated in La. R.S. 15:1172(E) :
Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered.
Regardless of the outcome of the ARP for such claims, once administrative review is complete, delictual actions for injury or damages then shall be filed separately as original civil actions, which are not subject to the limited judicial review *450 afforded other adverse administrative decisions. The provisions of CARP related to judicial review of administrative acts specifically excludes "decisions relative to delictual actions for injury or damages." As a result, traditional tort actions are not subject to the more limited judicial review available in district court for administrative decisions. Instead, such delictual actions are governed by the pertinent provisions of La. R.S. 15:1177(C) :
This Section shall not apply to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions.
In other words, an ARP decision on a true tort action does not limit a district court's constitutional grant of original jurisdiction in any way. See La. R.S. 15:1177(C) ; see also Nichols v. Cain, 2003-1169 (La. App. 1st Cir. 4/2/04), 871 So.2d 654, 656, writ denied, 2004-1711 (La. 10/8/04), 883 So.2d 1017 ; Wood v. Martin, 37,856 (La. App. 2nd Cir. 12/10/03), 862 So.2d 1057, 1060. The exclusive venue for delictual actions for injury or damages is the parish where the prison is situated to which the prisoner was assigned when the cause of action arose, which in this case is the 20th JDC in East Feliciana Parish, Louisiana. See La. R.S. 15:1184(F) ; La. R.S. 13:5104 ; Foster v. Louisiana Dep't of Pub. Safety & Corr., 2012-0358 (La. App. 1st Cir. 11/2/12), 111 So.3d 81, 82-83.
In this matter, the actions Mr. Shannon complains of occurred on May 28, 2014. Mr. Shannon thereafter sought administrative review on June 2, 2014. Thus, the prescriptive period began on May 28, 2014, and was suspended on June 2, 2014. Five days counted toward the accrual of prescription (five days between May 28, 2014 and June 2, 2014). Mr. Shannon's second step ARP was denied on February 6, 2015. The period of suspension-from June 2, 2014 to February 6, 2015-is not counted toward the accrual of prescription. Prescription commenced to run again upon the termination of the period of suspension. See La. C.C. art. 3472 ; La. R.S. 15:1172(E). Accordingly, suspension of the prescriptive period ended on February 6, 2015, and prescription commenced to run again. Thus, prescription tolled on February 1, 2016.[6] Mr. Shannon's petition was not filed in state court until April 11, 2017. On the face of Mr. Shannon's petition, the prescriptive period on his state law tort claims has tolled. Thus, the burden was on Mr. Shannon to prove suspension or interruption of prescription. See St. Romain v. Luker, 804 So.2d at 88.
To prove that the 42 U.S.C. § 1983 action he filed in federal district court against Warden Vannoy in his official capacity interrupted the prescriptive period on his state law tort claims against Warden Vannoy and the State, through the DPSC, Mr. Shannon had the burden to show that the federal district court was a court of competent jurisdiction and venue. If the federal district court was an incompetent court, or an improper venue, then Mr. Shannon had the burden to show that service of process occurred within the prescriptive period, which would serve to interrupt prescription only as to the defendant served. See La. C.C. art. 3462.
The record in this matter contains no evidence of the date Warden Vannoy was served with process of Mr. Shannon's federal suit.[7] Therefore, for the *451 federal suit to interrupt prescription on the state law tort claims, Mr. Shannon had the burden to prove the federal district court was a court of competent jurisdiction and venue.
No suit against the state, or a state agency, or a political subdivision shall be instituted in any court other than a Louisiana state court. La. R.S. 13:5106(A). A "state agency" means any means any board, commission, department, agency, special district, authority, or other entity of the state. La. R.S. 13:5102(A). A "political subdivision" means any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency. La. R.S. 13:5102(B). Louisiana Revised Statutes 13:5104 provides, in pertinent part:
A. All suits filed against the state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the *452 district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
Louisiana Revised Statutes 13:5104 is a mandatory venue provision. See generally Alvarado v. Poche, 2002-2 (La. App. 3rd Cir. 6/5/02), 819 So.2d 1150, 1152, writ denied, 2002-2212 (La. 11/8/02), 828 So.2d 1120.
Under La. R.S. 13:5102(A), the DPSC is a state agency. Under La. R.S. 13:5102(B), Dixon Correctional Institute is a political subdivision. Warden Vannoy is an employee of that political subdivision, and the instant suit is based upon Warden Vannoy's actions while in the course and scope of that employment. See La. R.S. 13:5102(B) and 5104(B). Louisiana has not waived its immunity in federal court for state law claims. See La. R.S. 13:5106(A) ; Fairley v. Stalder, 294 Fed.Appx. 805, 811 (5th Cir. 2008) ; Griffith v. Louisiana, 808 F.Supp.2d 926, 933 (E.D. La. 2011). Accordingly, Mr. Shannon was required by La. R.S. 13:5606(A) to file suit against Warden Vannoy and the State, through the DPSC in state district court, either in East Baton Rouge Parish or East Feliciana Parish, in accordance with La. R.S. 13:5104(A) and (B).
However, in Arnouville v. Crowe, 2016-0046 (La. App. 1st Cir. 9/16/16), 203 So.3d 479, this court held that filing a suit in federal court, even if the federal court lacks subject matter jurisdiction, interrupts prescription on a plaintiff's state law tort claims up until the federal district court rules that it does not have subject matter jurisdiction. Arnouville involved a personal injury case in which the plaintiffs initially filed suit in federal court. While the case was still pending in federal court, the plaintiffs filed a suit in state court; the federal case was subsequently dismissed upon agreement of the parties. This court held that the federal court had maintained its subject matter jurisdiction by denying a motion to dismiss due to lack of diversity, filed by the defendants. When the plaintiffs filed the state court suit, the federal suit was still pending in a "court of competent jurisdiction." Until there was a decision by the federal court that it lacked jurisdiction, this court held that the federal suit served to interrupt prescription on the state law tort claims, an interruption that continued as long as the federal suit was pending. Id., 203 So.3d at 487.
In accordance with Arnouville , Mr. Shannon's federal court suit served to interrupt prescription on Mr. Shannon's state law tort claims against Warden Vannoy up until March 16, 2017, when the United States Court of Appeals, Fifth Circuit affirmed the federal district court's grant of Warden Vannoy's 12(b)(6) motion to dismiss, without prejudice. As the employer of Warden Vannoy, the DP SC is vicariously liable for Warden Vannoy's negligent acts occurring during the course and scope of his employment.[8] Accordingly, *453 Warden Vannoy and the DPSC are solidary obligors, as the vicarious responsibility of the DPSC for the delicts of Warden Vannoy create an obligation whereby the DPSC and Warden Vannoy are each obligated for the same thing-total reparation of the damages to Mr. Shannon.[9] Accordingly, a suit against one solidary obligor, Warden Vannoy, interrupts prescription as to the other solidary obligor, the DPSC. See Younger v. Marshall Industries, Inc., 618 So.2d 866, 868 (La. 1993). Therefore, Mr. Shannon's federal court suit interrupted prescription on his state law claims against Warden Vannoy and the DPSC up until March 16, 2017. Accordingly, Mr. Shannon's state law tort claims filed on April 11, 2017 were not prescribed. We find that the district court erred in sustaining the defendants' objection of prescription and dismissing all of Mr. Shannon's claims against the defendants, with prejudice.
DECREE
The October 4, 2017 judgment of the district court, sustaining the defendants' objection of prescription and dismissing all of Mr. Shannon's claims against the defendants, with prejudice, is reversed. We remand this matter to the district court for further proceedings consistent herewith. All costs of this appeal, in the amount of $775.00, are cast to the defendants/appellees-Dixon Correctional Institute Warden Darrell Vannoy and the State of Louisiana, through the DPSC.
REVERSED; REMANDED.
Theriot, J. concurs
McClendon, J. concurs for reasons assigned.

Throughout the record and briefs on appeal, the parties agree that prescription on Mr. Shannon's state law claims tolled on December 31, 2015; however, this court finds that the parties have miscalculated that date. The actions Mr. Shannon complains of occurred on May 28, 2014. Mr. Shannon thereafter sought administrative review on June 2, 2014. The prescriptive period began on May 28, 2014, and was suspended on June 2, 2014 in accordance with La. R.S. 15:1172(E). Thus, 5 days counted toward the accrual of prescription (5 days between May 28, 2014 and June 2, 2014). Mr. Shannon's second step ARP was denied on February 6, 2015. The period of suspension, from June 2, 2014 to February 6, 2015, is not counted toward the accrual of prescription. Prescription commenced to run again upon the termination of the period of suspension. See La. C.C. art. 3472 and La. R.S. 15:1172(E). Accordingly, suspension of the prescriptive period ended on February 6, 2015, and prescription commenced to run again. Since 5 days had already counted toward the accrual of prescription, 360 days remained. 360 days from February 6, 2015 is February 1, 2016. Thus, prescription tolled on February 1, 2016, not on December 31, 2015.

The district court designated the judgment as final for the purposes of an immediate appeal pursuant La. C.C.P. art. 1915(B)(1), finding no just reason for delay; however, such designation was unnecessary. The October 4, 2017 judgment determined the merits of this matter in whole; thus, it is a final judgment, which is appealable and does not require designation by the district court judge as appealable. See La. C.C.P. arts. 1841, 1915, and 2083.

Generally, when a judgment is silent as to a claim or demand, it is presumed that the district court denied the relief sought. Barham & Arceneaux v. Kozak, 2002-2325 (La. App. 1st Cir. 3/12/04), 874 So.2d 228, 241, writ denied, 2004-0930 (La. 6/4/04), 876 So.2d 87. And generally, where a party who has filed exceptions in the district court does not insist upon a ruling on his exceptions, the exceptions are deemed waived and need not be considered by the court on appeal. Shear v. Shear, 96-934 (La. App. 5th Cir. 5/28/97), 695 So.2d 1026, 1031, writ denied, 97-2138 (La. 11/14/97), 703 So.2d 632 ; see also La. C.C.P. art. 928 ; Quinette v. Delhommer, 247 La. 1121, 1143, 176 So.2d 399, 407 (1965).

Mr. Shannon meets the definitions of both "offender" under CARP and "prisoner" under the PLRA. See La. R.S. 15:1174(2) and La. R.S. 15:1181(6).

5 days between May 28, 2014 and June 2, 2014, plus 360 days between February 6, 2015 and February 1, 2016.

In his brief on appeal, Mr. Shannon provided a date of service of process and stated that the receipt of service "is a public record and it proves that Warden Vannoy was served...." As an appellate court, we have no jurisdiction to review evidence that is not in the record on appeal. La. C.C.P. art. 2164 ; Moore v. Murphy Oil USA, Inc., 2015-0096 (La. App. 1st Cir. 12/23/15), 186 So.3d 135, 143, writ denied, 2016-00444 (La. 5/20/16), 191 So.3d 1066. The record on appeal is that which is sent by the district court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. See La. C.C.P. arts. 2127 and 2128. The arguments of counsel contained in appellate briefs and references to facts and issues that are not currently before the court in the record on appeal, are not considered record evidence. In re Succession of Badeaux, 2008-1085 (La. App. 1st Cir. 3/27/09), 12 So.3d 348, 352-53, writ denied, 2009-0822 (La. 5/29/09), 9 So.3d 166. As the appellant, Mr. Shannon is charged with the responsibility of completeness of the record for appellate review, and the inadequacy of the record is imputable to him. See Niemann v. Crosby Dev. Co., L.L.C., 2011-1337 (La. App. 1st Cir. 5/3/12), 92 So.3d 1039, 1044.
This court also is precluded from taking judicial notice of a suit record from another court. Pinegar v. Harris, 2006-2489 (La. App. 1st Cir. 5/4/07), 961 So.2d 1246, 1249. Louisiana Code of Evidence article 202(A) provides for mandatory judicial notice of federal and state laws and certain ordinances. Article 202(B) also provides for notice of various legal matters, when requested by a party and with proper documentation. Those legal matters include presidential and gubernatorial proclamations; rules of Louisiana state agencies, boards, and commissions; ordinances of political subdivisions of this state; procedural rules of federal and state courts; rules of federal and state agencies, boards, and commissions; and laws of foreign countries, international law, and maritime law. La. C.E. art. 202(B). Although decisions of district courts are not included in Article 202(B)'s enumeration, it has been held that Article 202(B)(e) allows courts to take judicial notice of court decisions that "have the effect of law." See Perez v. Evenstar, Inc., 2012-0941 (La. App. 4th Cir. 1/30/13), 108 So.3d 898, 905 ; see also United Gen. Title Ins. Co. v. Casey Title, Ltd., 2001-600 (La. App. 5th Cir. 10/30/01), 800 So.2d 1061, 1065. That would not apply here, however, because we are asked to notice proceedings of a federal district court, which has no effect except in the specific case in which the rulings are made. See United Gen. Title Ins. Co. v. Casey Title, Ltd., 800 So.2d at 1065. Although a court may take judicial notice of its own proceedings, Article 202 does not allow, nor has it ever been interpreted to allow, courts to take judicial notice of suit records in other courts. Documentation of other courts' proceedings must be offered into evidence in the usual manner. See Pinegar v. Harris, 961 So.2d at 1249.
Additionally, Rule 2-1.7 of the Uniform Rules, Courts of Appeal expressly provides that no record of another case (or prior record in the same titled and numbered case) shall be included in the record, unless such other record has been introduced in evidence in the case on appeal, in which event such other record shall accompany the record on appeal as an exhibit.

An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. La. C.C. art. 2320. An employer's vicarious liability for conduct not his own extends only to the employee's tortious conduct which occurs within the course and scope of that employment. An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business. Woolard v. Atkinson, 43,322 (La. App. 2nd Cir. 7/16/08), 988 So.2d 836, 838-39.

See generally Kern v. Travelers Ins. Co., 407 So.2d 2, 4 (La. App. 4th Cir. 1981).