NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0213

HERMAN E. AND EVELYN G. CROTWELL, JR.

VERSUS

KIMBERLY LEWIS ROBINSON, SECRETARY
LOUISIANA DEPARTMENT OF REVENUE

Judgment rendered __DEC 2 7 2019__

* * * * *

On Appeal from the
Louisiana Board of Tax Appeals
In and for the Parish of East Baton Rouge
State of Louisiana
No. 10272B

Anthony J. "Tony" Graphia, Chairman;
Cade R. Cole; and Frances J. "Jay" Lobrano
Presiding Board of Tax Appeals Members

* * * * *

Robert C. Barrett, Jr.
Baton Rouge, Louisiana

Attorney for Plaintiffs/Appellants
Herman and Evelyn Crotwell


Brian DeJean
Antonio C. Ferachi
Brandea P. Averett
Debra Morris
Miranda Y. Scroggins
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
Kimberly Robinson, Secretary,
Louisiana Department of Revenue

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE. JJ.

McClendon, J. Concurs in result Reached.

**HOLDRIDGE, J.**

Herman E. Crotwell, Jr. and Evelyn G. Crotwell ("Taxpayers") seek review of an adverse decision of the Board of Tax Appeals ("Board"), which found that their claim for a refund of state income taxes from Kimberly Robinson, Secretary, Louisiana Department of Revenue ("Secretary"), was prescribed. For the reasons below, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The Taxpayers filed an appeal with the Board seeking a redetermination of the Louisiana Department of Revenue's ("Department's") denial of their request for a refund of their $6,502.00 payment of Louisiana income taxes for the 2010 tax year. The Taxpayers attached as an exhibit to their appeal a letter from the Department dated October 7, 2016, which stated that the Department had received the Taxpayers' 2010 individual income tax return for which they claimed an overpayment. In the letter, the Department stated that the Taxpayers' return had a "mail date" of January 5, 2015, and therefore, it denied any refund or credit because the claim was filed after the tax period had prescribed, pursuant to La. R.S. 47:1623(A). However, in their appeal, the Taxpayers alleged that they timely filed their return on or before December 31, 2014, and that January 5, 2015, was the date on which the Department received the return.

The Secretary answered the appeal, denying the Taxpayers' claims, and also filed an exception of prescription/peremption pursuant to La. R.S. 47:1623(A). The Secretary's exception was based on the same assertion that the Department had raised, that the Taxpayer's request for a tax refund of their 2010 income tax payment was not filed with the Department by December 31, 2014, as required by La. R.S. 47:1623(A).[1] The Taxpayers opposed the exception with a memorandum

---

[1] The exception mistakenly used the date of December 6, 2016, as the date the return was filed, but at the hearing on the exception, the Secretary's counsel clarified that the date was January 5, 2015.

2

in opposition to which they attached a certified mail receipt that showed an article was received by the Department on January 5, 2015. The Board held a hearing on the exception at which the Taxpayers' counsel testified, but no documentary evidence was introduced. In a discussion between the Board members and counsel, the Taxpayers' attorney stated that he did not have a date stamp on the certified mail receipt because the post office was closed when he mailed the tax return, and he paid for the certified mail at a kiosk. The Taxpayers' counsel testified he mailed the tax return on December 31, 2014, by placing it in a prepaid envelope that was properly addressed as shown by the exhibit to the Taxpayers' opposition memorandum. He testified that he had a credit card receipt at his office showing that he paid for certified mailing that day.

The Board issued reasons for judgment wherein it stated that the Taxpayers had not proved that they mailed the refund request on or before December 31, 2014. The Board determined that the Taxpayers' exhibit attached to their opposition memorandum proved that the Department received a certified mailing on January 5, 2015, but did not prove that the Taxpayers' request for refund was mailed on December 31, 2014. The Board discussed the Taxpayers' attorney's failure to submit into evidence the credit card statement showing payment to the postal service on December 31, 2014. The Board described this evidence as "crucial" because it "would have been easy to produce and ... would have been probative of Taxpayers' position." The Board upheld the Secretary's exception and dismissed the Taxpayers' petition. From this ruling, the Taxpayers appeal. See La. R.S. 47:1434.

On appeal, the Taxpayers raise three assignments of error. They contend that a statute concerning prescription must be strictly construed but that the Board applied a liberal statutory construction to this case; that the evidence clearly preponderated that the Taxpayers mailed their 2010 amending income tax return by

3

December 31, 2014, that it was received by the Department on January 5, 2015, and that their claim was not prescribed; and that the Department's refund request notice contained a false statement of fact such that the notice was defective and therefore, the burden of proof shifted to the Department to prove that the Taxpayers had not timely filed their return.

## ANALYSIS

On review of a decision of the Board, this court shall have the power to affirm, or, if the Board's decision is not in accordance with law or is manifestly erroneous on the facts considering the record as a whole, to modify or reverse the Board's decision, with or without remanding the case for further proceedings. La. R.S. 47:1435(C). The Board's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence in the entire record. **Barfield v. Bolotte**, 2015-0847 (La. App. 1 Cir. 12/23/15), 185 So.3d 781, 785, writ denied, 2016-0307 (La. 5/13/16), 191 So.3d 1058. Additionally, when the assignments of error reflect that the main issue involves a purely legal question regarding the proper interpretation of a statute, this court's review is *de novo* in the sense that it gives no deference to the factual findings or legal conclusions of the tribunals below. **Id**. Further, the Board's decision should be affirmed if the Board has correctly applied the law and has adhered to the correct procedural standards. **Id**.

The burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the face of the plaintiff's petition shows that the prescriptive period has run, and the plaintiff is contending there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. **Shannon v. Vannoy**, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 448. Statutes regulating prescription are strictly construed

4

against prescription and in favor of the obligation sought to be extinguished. **Id**. Evidence may be introduced to support or controvert the exception of prescription when the grounds thereof do not appear from the petition. See La. C.C.P. art. 931; **Shannon**, 251 So.3d at 448. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. **Id**. at 448-49. When evidence is received at the trial of the exception, the appellate court reviews the district court's factual findings under the manifest error-clearly wrong standard. **Id**. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the district court's legal conclusions are not entitled to deference. **Id**.

The statute applicable to the filing of a claim for a refund of income taxes is La. R.S. 47:1623(A), which states, in pertinent part:

> After three years from the 31st day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made **unless a claim for credit or refund has been filed with the secretary** by the taxpayer claiming such credit or refund **before the expiration of said three-year or one-year period. ... The secretary shall prescribe the manner of filing claims for refund or credit.** (Emphasis added.)

Thus, in this case, the Taxpayers had until December 31, 2014, to file their return pursuant to La. R.S. 47:1623(A). Louisiana Civil Code article 3454 and Louisiana Code of Civil Procedure article 5059 provide, in pertinent part, that in computing a period of time prescribed by law, the last day of the period is to be included, unless it is a legal holiday, in which even the period runs until the end of the next day which is not a legal holiday. Louisiana Civil Code article 3456 specifically sets forth the method to be used to compute time by the year, stating, "If a prescriptive period consists of one or more years, prescription accrues upon the expiration of

the day of the last year that corresponds with the date of the commencement of prescription."

The Department has enacted regulations regarding filing and the computation of time. Louisiana Administrative Code Title 61, part I, chapter 49, section 4903 states:

> A. Unless otherwise specifically provided, when the due date of any report or return prescribed under the laws administered by the Department of Revenue and Taxation, falls on a Saturday, Sunday, or a legal holiday, the report or return shall be considered timely if it is filed on the next business day.
>
> B. Definitions. For the purposes of this Section, the following term is defined.
>
> *Legal Holiday*--any legal holiday observed by the state of Louisiana or the United States Post Office.

Concerning the mailing of a return, La. Admin. Code tit. 61, pt. I, ch. 49, sec. 4911(B)(1), states, in pertinent part:

> A return ... in a properly addressed envelope with sufficient postage delivered by the United States Postal Service **is deemed filed on the date postmarked by the United States Postal Service. The postmark must bear a date on or before the last date prescribed for filing the return, report or other document in order to be considered timely filed. ... If the return, report or other document is sent by United States registered or certified mail, the date of registration is treated as the date of postmark.** (Emphasis added.)

Thus, the postmark or certified mail registration is used for the filing date.

In this case, as earlier noted, the Taxpayers had until December 31, 2014 to file their return pursuant to La. R.S. 47:1623(A). In the Taxpayers' appeal, which we analogize to a petition in a civil suit, they alleged that they mailed their return on or before December 31, 2014, and that the Department's "mail date" of January 5, 2015 was the date the Department received their return. Therefore, the appeal was not prescribed on its face, and the Department had the burden of proving that the return was not timely filed. See **Shannon**, 251 So.3d at 448.

Prescription under La. R.S. 47:1623(A) ran on Wednesday, December 31, 2014, which was a legal holiday under La. R.S. 1:55(E)(1)(a)(i). Therefore, the Taxpayers had until the next day that was not a holiday to file their return, according to La. C.C. art. 3454, La. C.C.P. art. 5059, and La. Admin. Code tit. 61, pt. I, ch. 49, sec. 4903. Thursday, January 1, 2015, New Year's Day, was also a legal holiday for departments of the state under La. R.S. 1:55(B)(1)(a) and 1:55(E)(1)(a)(i). Additionally, Friday, January 2, 2015, was a legal holiday pursuant to State of Louisiana Executive Department Proclamation No. 116 BJ 2014. See La. R.S. 1:55(B)(3). Saturday, January 3, 2015, and Sunday, January 4, 2015, were days of closure pursuant to La. R.S. 1:55(E)(3) and La. Admin. Code tit. 61, pt. I, ch. 49, sec. 4903(A). See also La. R.S. 1:55(A)(1). According to La. Admin. Code tit. 61, pt. I, ch. 49, sec. 4903, when the due date of a return falls on a Saturday, Sunday, or a legal holiday, such as in this case, the return is considered timely if it is filed on the next business day, which in this case would be Monday, January 5, 2015, the date on which the Department in its letter and exception of prescription alleged that the return was filed.

In a case much like the one before us, **Citrus Corp. v. Secretary, Department of Revenue**, BTA Docket No. 7529 (La. Bd. Tax App. 12/12/12), 2012 WL 8303382, a decision of the Board of Tax Appeals, the taxpayer filed a claim for a tax refund for 2008 on January 3, 2012. The Secretary filed an exception of prescription based on La. R.S. 47:1623(A). The Board found that pursuant to La. C.C.P. art. 5059, La. C.C. art. 3454, and La. Admin. Code tit. 61, pt. I, ch. 49, sec. 4903(A), the last day to file for a refund was January 3, 2015, because December 31, 2011, January 1, 2012, and January 2, 2012, were legal holidays. Therefore, the Board denied the Secretary's exception of prescription.

In reviewing the testimony and certified mail receipt, the Secretary has the burden of proving that the Taxpayers' claim has prescribed. From the record

7

before us, the Secretary did not establish that the return was not filed by December 31, 2014, the last date on which she contends the return could be timely filed. Louisiana Administrative Code Title 61, part I, chapter 49, section 4911(B) provides that a postmark or registration by certified mail shows the filing date. In this case, the certified mail receipt[2] only shows that the Department received the return on January 5, 2015, but it does not show when the return was mailed.[3] Therefore, the Secretary did not bear her burden of proving that the return was not timely filed. Thus, in the case at bar, we find that the Board erred in determining that the Taxpayers' claim was prescribed, and we reverse its judgment maintaining the Secretary's exception.

## CONCLUSION

For the above reasons, the July 11, 2017 judgment of the Board of Tax Appeals maintaining the exception of prescription/peremption filed by Kimberly Robinson, Secretary, Louisiana Department of Revenue, and dismissing the petition of Herman E. Crotwell, Jr. and Evelyn G. Crotwell is reversed based on our finding that the Secretary did not meet her burden of proving that the Taxpayers' claim has prescribed. This matter is remanded for further proceedings. Costs of this appeal in the amount of $753.00 are to be paid by the Secretary.

**REVERSED AND REMANDED.**

---

[2] Although the certified mail receipt that was attached to the Taxpayers' memorandum in opposition was not offered into evidence, the Taxpayers and the Secretary did not object to its consideration by the Board or on appeal in this court. This court has previously held that, although it would appear that the trial court erred in considering the materials attached to the memoranda in support and in opposition to the prescription exception, where there was no objection to consideration of the evidence at the trial court level or on appeal, the trial court could consider it in ruling on the prescription exception and this court could review the trial court's decision on that issue. **Arnouville v. Crowe**, 2016-0046 (La. App. 1 Cir. 9/16/16), 203 So.3d 479, 483 n.5.

[3] See also La. Admin. Code tit. 69, pt. I, ch. 3, sec. 323, pertaining to the procedure before the Board of Tax Appeals, which provides a rebuttable presumption that if a properly mailed pleading is received by mail on the first legal day following the expiration of the delay, the pleading is timely filed.