# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0686

# GLENN DAMOND

# VERSUS

# KIRK A. WILLIAMS, CHRISTOPHER DASSAU, STEPHEN MARTINEZES, CITY OF BAKER (BAKER POLICE DEPARTMENT), AND JUDICIARY COURTS OF THE STATE OF LOUISIANA

**Judgment Rendered:** JAN 0 9 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C674613

Honorable R. Michael Caldwell, Judge Presiding

* * * * * *

| | |
|---|---|
| Glenn Damon<br>Baton Rouge, Louisiana | Plaintiff/Appellant<br>In Proper Person |
| J. Scott Thomas<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Kirk A. Williams, et al. |

* * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

JEW
Welch J. concurs without reasons

**McCLENDON, J.**

The Plaintiff-Appellant, Glenn Damond, challenges a trial court judgment, which sustained a peremptory exception of prescription in favor of Defendants, City of Baker, Stephen Martinez, Kirk Williams, and Christopher Dassau (collectively herein, "Defendants"). For the following reasons, we affirm.

On June 11, 2012, Officer Stephen Martinez of the Baker Police Department impounded Plaintiff's SUV in connection with a suspected theft at a local Walmart. On June 12, 2012, Plaintiff reported to the Baker Police Department to attempt to retrieve his vehicle. Christopher Dassau, City Prosecutor for the City of Baker, identified Plaintiff. Plaintiff was arrested. Mr. Dassau charged Plaintiff with theft of goods.

Plaintiff was incarcerated from June 12, 2012 until September 5, 2012, for a total of eighty-six days. Plaintiff claims that he paid a fifty dollar fee to have a warrant recalled upon his release. Plaintiff received a trial date and later "made a special visit at the court and informed the parties that he does not consent to the proceedings and he was not accepting fines or probation." The charges against Plaintiff were *nolle prossed* by the City Prosecutor, and Plaintiff did not have to pay any fines or fees. Throughout the proceedings, two contempt of court citations were issued, and two warrants were issued and recalled.

On October 2, 2018, Plaintiff filed his *pro se* Petition asserting claims for false imprisonment, violation of his natural rights, and cruel and unusual punishment.[1] Plaintiff alleged that during his incarceration, he "lost his SUV, his relationship was destroyed, and his life, liberty and pursuit of happiness was taken for 86 days;" he experienced intense emotional pain and distress; and, he "had to endure the mental distresses and pains of witnessing brutally bloody fights on inmates at least 5 times a week."

Plaintiff also asserted claims for what he described as the Defendants "fraudulently converting [Plaintiff] into a thing, a fiction, committing constructive [f]raud, as fiduciaries...." Plaintiff alleged that he "was converted into a thing to subject him to [no] standing in law- cause his estate GLENN DAMOND was being charged."

---

[1] Plaintiff also named the "Judiciary Courts of the State of Louisiana" as defendants.

2

Plaintiff further stated that on July 24, 2012, "Commercial Surety bond for 2000 was cancelled...."[2] The Petition additionally contends that Defendants "changed the style of [Plaintiff's] name from Glenn Damond to DAMOND GLENN- a fiction, nom de guerre under Roman law."[3]

Plaintiff's prayer for relief requested that Defendants be ordered to pay to Plaintiff $60,000.00 per hour from June 12, 2012, through September 9, 2012 for false imprisonment; that Defendants be ordered to "pay separately 15,000 an hour for the emotional damages, mental pains" Plaintiff suffered during his incarceration; that the City of Baker Police Department and Stephen Martinez be ordered to pay Plaintiff jointly $3.8 million, "for the ill will and malice shown, and kidnapping an [American] from his land;" and that Kirk A. Williams, Christopher Dassau, and the judiciary courts of Louisiana be ordered to "pay [Plaintiff] separately 25 million dollars for its functions of using grammar, fraudulent documents to extort rights and extort money," and depriving Plaintiff of his right to life, liberty, and the pursuit of happiness.

Defendants failed to answer Plaintiff's Petition within the delays allowed by law. On November 21, 2018, Plaintiff filed a Motion for Entry of Default Judgment, which was granted on November 29, 2018. However, the Default Judgment was not

---

[2] In an "Affidavit of Truth" attached to the Petition, Plaintiff elaborates on these allegations, stating in part that Defendants "conspired and committed constructive fraud in case number 2012KC02046;" "received a cusip # for this case before they sold and traded as stock and chattel the living man's [Plaintiff's] identity;" "disguis[ed] investment contracts as criminal cases;" and, that "when a Social Security Account Number is assigned/issued, a Blank Bond is issued[,] and when the Undersigned was arrested 06-12-2012 and thereafter imprisoned, this Bond was filled out[.]"

During arguments, the trial court questioned Plaintiff regarding these allegations. We include a portion of that exchange here to better illustrate these claims as Plaintiff alleges them. Plaintiff stated "they securitized the case... that means they used the case to get a stock – on the stock market, a bond." The trial court asked Plaintiff to explain his use of the word "securitized":

    Plaintiff: All right. The securitization means they took the case number. They got it off the stock market and issued a bond and sold it on the stock market.

    The Court: They sold your case --

    Plaintiff: Yes.

    The Court: -- on the stock market?

    Plaintiff: Yes. I gave copies of the court record to him. He has a copy of the securitized bond from fidelity.com, proof that the case was securitized.

Plaintiff later stated "... they disguised a criminal case as a commercial transaction, which makes the case commercial, and they securitized the case."

[3] Plaintiff also alleged that in June of 2017, Plaintiff submitted documents to a court regarding fraud, but half of those documents were not accepted into the court record, "only sealing the record motion and not the fraud motion." The Petition does not identify the documents or the court to which he purportedly submitted the documents.

confirmed, as on December 6, 2018, the City of Baker[4] and Stephen Martinez[5] filed an Exception of Prescription asserting that all of Plaintiff's claims arose prior to September 5, 2012, and therefore prescribed before Plaintiff filed suit on October 2, 2018. On December 7, 2018, Kirk A. Williams, City Judge for the City of Baker, and Christopher Dassau, City Prosecutor for the City of Baker, filed an Exception of Prescription on the same basis.[6]

The trial court heard Defendants' Exceptions of Prescription on February 11, 2019. On March 7, 2019, the trial court granted the Exceptions of Prescription, ruling in favor of Defendants and against Plaintiff. From this judgment, Plaintiff appeals.

## LAW AND ARGUMENTS

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. LSA-C.C. art. 3447. Delictual actions are subject to a liberative prescription of one year, which commences to run from the date the injury or damage is sustained. LSA-C.C. art. 3492. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. When the claimant is unaware of the facts giving rise to his or her cause of action against a particular defendant, the running of prescription is for that reason suspended until the tort victim discovers or should have discovered the facts upon which his or her cause of action is based. **Guillot v. Doughty**, 2013-1348 (La.App. 1 Cir. 3/21/14), 142 So.3d 1034, 1046, writ denied, 2014-0824 (La. 6/13/14), 140 So.3d 1192.

Appellate review applicable to a peremptory exception depends on the manner in which the exception is heard. Evidence may be introduced to support or controvert the

---

[4] The City of Baker made its appearance noting "the Baker Police Department is not a separate juridical entity and as such, a suit against the Police Department is a suit against the City."

[5] Plaintiff named Mr. Martinez as a Defendant in his individual capacity, but made allegations concerning Mr. Martinez's actions in his official capacity as an officer. Therefore, he appeared in his official capacity as a former officer of the City of Baker for the purpose of the Exception of Prescription.

[6] As with Mr. Martinez, Plaintiff named Judge Williams and Mr. Dassau as Defendants in their individual capacities, but made allegations against them that concerned actions taken in their official capacity. Therefore, Judge Williams and Mr. Dassau, like Mr. Martinez, appeared in their official capacity for the purpose of the Exception of Prescription.

exception of prescription when the grounds thereof do not appear from the petition. See LSA-C.C.P. art. 931; **Shannon v. Vannoy**, 2017-1722 (La.App. 1 Cir. 6/1/18), 251 So.3d 442, 448. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. *Id.* at 448-49. When evidence is received at the trial of the exception, the appellate court reviews the district court's factual findings under the manifest error-clearly wrong standard. **Shannon**, 251 So.3d at 449. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the district court's legal conclusions are not entitled to deference. *Id.* In this matter, no evidence was introduced at the hearing on the exception. Accordingly, we accept as true the facts alleged in the petition and apply the *de novo* standard to our review of the district court's legal conclusions.

All of Plaintiff's claims stem from events he alleges occurred in 2012: the impoundment of his vehicle on June 11, 2012, his arrest on June 12, 2012, and his subsequent incarceration which ended September 5, 2012. As Plaintiff obtained actual knowledge of the facts giving rise to these alleged causes of action against the Defendants during his incarceration, prescription commenced at that time. See **Guillot**, 142 So.3d at 1046. Moreover, constructive knowledge is whatever notice is enough to put the injured party on guard and call for inquiry, and constitutes notice of everything to which a reasonable inquiry may lead. *Id.* Therefore, even if Plaintiff was unaware during his incarceration of certain facts giving rise to these alleged causes of action, he was released on September 5, 2012, and could have conducted an inquiry of these related actions at any time thereafter. Thus, as delictual actions are subject to a prescriptive period of one year, these claims are clearly prescribed on the face of the Petition.

Ordinarily, the party urging prescription bears the burden of proving such at the trial of the exception; however, if the petition is facially prescribed, as in this matter, the burden shifts to the plaintiff to show his action is not prescribed. **Quinn v. Louisiana Citizens Property Insurance Corp.**, 2012-0152 (La. 11/2/12), 118 So.3d 1011, 1017. Plaintiff did not submit any argument or evidence to the trial court to

5

satisfy this burden of proof. Therefore, the trial court properly granted the Exception of Prescription and dismissed Plaintiff's claims against the City of Baker, Stephen Martinez, Kirk Williams, and Christopher Dassau, with prejudice.

## CONCLUSION

For the foregoing reasons, the March 7, 2019 judgment is affirmed. Appeal costs are assessed to Glenn Damond.

**AFFIRMED.**

6