NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0568

KALI DOBARD

VERSUS

WILLIAMS PAUL FURLOW AND GEICO CASUALTY COMPANY

Judgment rendered: **MAR 1 0 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C670477, Div. / Sec. 24

The Honorable R. Michael Caldwell, Judge Presiding

* * * * *

Aisha A. Sanders                    Attorney for Plaintiff/Appellant
Natchez, MS                         Kali Dobard


Floyd A. Buras, III                 Attorney for Defendant/Appellee
Metairie, LA                        Geico Casualty Company

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

McClendon, J. Concurs in result reached by majority

**HOLDRIDGE, J.**

The plaintiff, Kali Dobard, appeals from a judgment of the trial court that sustained a peremptory exception raising the objection of prescription filed by the defendant, Geico Casualty Company, and dismissed her claim with prejudice. Finding no error in the judgment of the trial court, we affirm and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

On May 11, 2017, the plaintiff was riding as a passenger in a vehicle that was struck by William Paul Furlow's vehicle. As a result of the automobile accident, the plaintiff alleged she sustained injuries. On June 16, 2018, the plaintiff fax-filed[1] her petition for damages against William Paul Furlow[2] and the defendant arguing that they were liable for the injuries that she allegedly sustained in the automobile accident. In response, the defendant fax-filed[3] a peremptory exception raising the objection of prescription. The defendant argued that the plaintiff's claim was prescribed because the plaintiff filed her petition outside of the one-year liberative prescriptive period applicable to delictual actions. The defendant argued that prescription on the plaintiff's claim began to run on the date of her alleged accident, May 11, 2017. Therefore, the defendant argued that the plaintiff's claim was prescribed because she did not file her petition within one year from the day the injury or damage was sustained. See La. C.C. art. 3492.

On the morning of October 22, 2018, before the hearing on the defendant's exception, the plaintiff filed her memorandum in opposition to the defendant's peremptory exception raising the objection of prescription. At the hearing, the trial

---

[1] We note that although the parties dispute the official filing date of the plaintiff's petition for damages with the Clerk of Court, it does not change our holding in the instant matter that the plaintiff's claim is prescribed.

[2] William Paul Furlow is not a party to the instant appeal.

[3] The defendant timely filed its exception with the Clerk of Court on August 13, 2018, in accordance with La. R.S. 13:850(B).

2

court instructed the plaintiff's counsel that she was not allowed oral argument at the hearing due to her untimely filed opposition.[4] See Stolzle v. Clayton, 2018-1641 (La. App. 1 Cir. 7/11/19), 2019 WL 3024862, at *2 (unpublished). After hearing argument from the defendant's counsel, the trial court gave oral reasons, sustaining the defendant's peremptory exception raising the objection of prescription. The trial court signed a judgment in accordance with its oral reasons on November 26, 2018, and dismissed the plaintiff's claim with prejudice. Subsequently, the plaintiff devolutively appealed the trial court's judgment, essentially arguing that the trial court erred in sustaining the defendant's objection of prescription and dismissing her claim with prejudice. Specifically, the plaintiff argued that her claim was not prescribed because "she was not aware of her injuries until more than a month [after her accident.]"

A claim for personal injuries is a delictual action subject to a liberative prescriptive period of one year, which commences to run from the day the injury or damage is sustained. La. C.C. art. 3492; Shannon v. Vannoy, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 448. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. The objection of prescription may be raised by a peremptory exception. La. C.C.P. art. 927(A)(1). Generally, the burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the face of the plaintiff's

---

[4] Louisiana District Court Rules 9.9 provides:

> (a) This Rule does not apply to juvenile and family law proceedings. Due to the expedited nature of family law proceedings, time delays shall be at the discretion of the court.
>
> ****
>
> (c) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum so it is received at least eight calendar days before the scheduled hearing, except for motions for summary judgment, which delays are established by La. Code Civ. Proc. art. 966.
>
> ****
>
> (e) Parties who fail to comply with paragraphs (b) and (c) of this Rule may forfeit the privilege of oral argument.

3

petition shows that the prescriptive period has run, the burden is on the plaintiff to prove suspension or interruption. St. Romain v. Luker, 2000-1366 (La. App. 1 Cir. 11/9/01), 804 So.2d 85, 88, writ denied, 2002-0336 (La. 4/19/02), 813 So.2d 1083.

At the hearing on the objection of prescription, evidence may be introduced to support or controvert the objection when the grounds thereof do not appear from the petition. See La. C.C.P. art. 931; Kelley v. General Ins. Co. of America, 2014-0180 (La. App. 1 Cir. 12/23/14), 168 So.3d 528, 533, writs denied, 2015-0157, 2015-0165 (La. 4/10/15), 163 So.3d 814, 816. When evidence is received at the trial of the exception, the appellate court reviews the trial court's factual findings under the manifest error-clearly wrong standard of review. Warren v. Board of Sup'rs of Louisiana State University and Agr. and Mechanical College, 2014-0310 (La. App. 1 Cir. 11/20/14), 168 So.3d 436, 439, writ denied, 2015-0068 (La. 4/2/15), 163 So.3d 795. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. Duckworth v. Louisiana Farm Bureau Mut. Ins. Co., 2011-2835 (La. 11/2/12), 125 So.3d 1057, 1072. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the district court's legal conclusions are not entitled to deference. TCC Contractors, Inc. v. Hospital Service Dist. No. 3 of Parish of Lafourche, 2010-0685 (La. App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108. Moreover, as a general rule, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished. Taranto v. Louisiana Citizens Property Ins. Corp., 2010-0105 (La. 3/15/11), 62 So.3d 721, 726.

In this matter, no evidence was introduced at the hearing on the exception.[5] Accordingly, we accept as true the facts alleged in the plaintiff's petition and apply

---

[5] Although the plaintiff argues that she was not allowed an opportunity to present evidence at the hearing, the record reflects that she was not allowed "any oral argument." We note that at the

4

the *de novo* standard to our review of the trial court's legal conclusions. See Shannon v. Vannoy, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 449. The record reveals that the plaintiff's claim is based upon an automobile accident that occurred on May 11, 2017. Thereafter, the plaintiff fax-filed her petition for damages against the defendant on June 16, 2018. The prescriptive period for the plaintiff's claim began on May 11, 2017, and ran until May 11, 2018. Since the plaintiff did not fax-file her petition until June 16, 2018, it appears from the face of the plaintiff's petition that her claim is prescribed. Therefore, the burden was on the plaintiff to prove suspension or interruption of prescription. The record is devoid of any evidence presented by the plaintiff to prove that her claim had not prescribed.[6] Therefore, we find that the trial court correctly sustained the defendant's peremptory exception raising the objection of prescription and dismissed the plaintiff's claim with prejudice.

Accordingly, the November 26, 2018 judgment of the trial court is affirmed.[7] All costs of this appeal are assessed against the plaintiff, Kali Dobard.

---

hearing, the trial court stated in its oral reasons that it had reviewed the plaintiff's untimely filed memorandum in opposition to the defendant's peremptory exception raising the objection of prescription. We further note that the plaintiff failed to submit or proffer any other evidence to carry her burden that her claim was not prescribed.

[6] On appeal, the plaintiff argues that the doctrine of *contra non valentem* should have been applied to interrupt prescription. Although the issue of *contra non valentem* was not presented to the trial court, based on our review of the record, we cannot say that it is applicable to the facts of this case. The doctrine of *contra non valentem* is a jurisprudentially created exception to a statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues; it is only applied in exceptional circumstances. See Specialized Loan Servicing, LLC v. January, 2012-2668 (La. 6/28/13), 119 So.3d 582, 585. The pleadings in this matter establish that the plaintiff alleged that she did not have actual or constructive knowledge of her claim until she began medical treatment in June of 2017. The pleadings also reveal that the plaintiff did not file her petition for damages until almost one year later. Thus, the plaintiff did not establish any good cause as to why she was unable to exercise her cause of action when it accrued. Therefore, we find no merit to the plaintiff's argument that *contra non valentem* should have been applied. See Hendricks v. Keith, 2017-1063 (La. App. 1 Cir. 4/6/18), 2018 WL 1663140, n.6 (unpublished).

[7] In her appeal, the plaintiff did not assign as error nor brief the failure of the trial court to allow her to amend her petition to state a cause of action. Moreover, the plaintiff did not ask the trial court that she be allowed to amend her petition nor did she raise an objection to the trial court's not giving her leave to amend her petition so as to state a cause of action. As such, we find this issue to be waived or abandoned. See Stolzle, 2019 WL 3024862, at *3.

**AFFRIMED.**