# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MEDICAL REVIEW PANEL OF
SHAVONDA PINKNEY
**OCTOBER 7, 2024**

In Re:   Thomas J. Orgeron, M.D. and E.M. Dimitri, DO, PMC d/b/a Dimitri Dermatology, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 202411311.

BEFORE:   **WOLFE, MILLER, AND GREENE, JJ.**

**WRIT GRANTED.** The district court's July 2, 2024 judgment denying the exception of prescription filed by defendants, Thomas J. Orgeron, M.D. and E.M. Dimitri, DO, PMC d/b/a Dimitri Dermatology, is reversed. Plaintiff has asserted medical malpractice claims against defendants, and the applicable prescriptive period for such claims is one year from the date of the alleged act, omission, or neglect. La. R.S. 9:5628(A). There is no dispute that the alleged act occurred on December 6, 2022. La. R.S. 40:1231.8(A)(2)(a) provides for the suspension of the time in which suit must be instituted while the request for review of the claim by a medical review panel is pending. Moreover, R.S. 40:1231.8(A)(2)(b)(i)(aa) provides, in pertinent part, that the request for review of a malpractice claim under this Section shall be deemed filed on the date the request is sent, if the request is electronically sent by facsimile transmission or other authorized means, as provided by R.S. 9:2615(A), to the division of administration. Although the request is deemed filed when sent, if by facsimile transmission, defendants introduced evidence which unequivocally showed the facsimile transmission of plaintiff's request for review was sent on December 7, 2023, one day after expiration of the applicable prescriptive period. Although plaintiff's counsel offered argument at the hearing that he sent the facsimile transmission near the close of business on December 6, 2023, we find plaintiff failed to submit evidence to support that argument. While plaintiff argues that her counsel is an officer of the court and was "essentially under oath" as such, he did not request to be placed under oath and testify subject to cross-examination. This court has held that arguments of counsel are not evidence. See **Harris v. Union National Fire Ins. Co.**, 2019-0443 (La. App. 1st Cir. 1/15/20), 311 So.3d 1130, 1137 n.6, writ denied, 2020-00396 (La. 6/3/20), 296 So.3d 1067, rejecting plaintiffs' argument that an excerpted discussion from the transcript between the district court judge and counsel for the parties made it clear that there was a settlement between the parties, finding that arguments and pleadings are not evidence. In this case, prescription was evident on the face of the pleadings, and therefore, the burden shifted to plaintiff to show the action

has not prescribed. See **Shannon v. Vannoy,** 2017-1722 (La. App. 1st Cir. 6/1/18), 251 So.3d 442, 448. Accordingly, the exception of prescription is granted and plaintiff's claims are dismissed.

**EW**
**SMM**
**HG**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT