HERGET, Judge.
Under the provisions of LSA-R.S. 13:-5062 Plaintiff instituted suit against Defendant to establish his title to certain batture land in the Parish of Lafourche. On the trial of the case it was stipulated by counsel for both parties that neither claimant was in possession of the property, so that the resolution of the issue depends upon the conclusion as to which of the parties to the suit have title to the land in question. For written reasons assigned the Trial Court rendered judgment in favor of Plaintiff and against Defendant recognizing Plaintiff to be the title owner of the disputed land, from which judgment Defendant appealed to this Court.
By Act of Sale of date February 24, 1923 the heirs of Telles Terrebonne conveyed to Mrs. Teles Terrebonne the following described property:
“All of Vendors’ undivided rights, Titles, Interests, ownership and demand, in and to the following described property to-wit:—
“A certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the right descending Bank of Bayou Lafourche, at about thirty-nine, (39), miles below the town of Thibodaux, and measuring arpent front on said Bayou Lafourche, by the ordinary depth of forty (40), arpents :• — Bounded above by lands of Pierre Curóle and below by lands of Est. Davide Pitre.
“Above rights, titles, interests, having been acquired by vendors by in-hertiance (inheritance) from their late father, late Telles Terrebonne.”
Ht ❖ jK ❖ ^ ^
“Appearers hereby declare by these presents, that out of the above described property, there are three lots which have been sold by the late Telles Terrebonne, to Telles Terre-bonne, and to Raymond Terrebonne, and one sold to Raymond Terrebonne, by widow Telles Terrebonne, and hence said lots are not included in the above transfer.”
Said deed being recorded March 10, 1923 in Conveyance Book 54, Folio 185, Entry •8146 of the Conveyance Records of the Parish of Lafourche.
Both Appellee and Appellant traced their title to the disputed tract of land to Mrs. 'Teles Terrebonne, their common ancestor in title.
On December 28, 1927 by deed recorded in Conveyance Book 60, page 237, Entry 14967 of the Conveyance Records of the Parish of Lafourche Mrs. Teles Terre-bonne conveyed to plaintiff, Mr. Remont Terrebonne, the following described property :
“All of vendor’s undivided rights, titles, interest, share, ownership, and demand, in and to the following described property to-wit:—
“A certain tract of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about Forty (40) miles below the town of Thibodaux, and measuring one-half (1/2) arpent, front on said Bayou La-fourche, by depth of Forty (40) ar-pents, bounded above by lands of Pierre Curóle, and below by lands of Est. Davide Pitre.
*525 “Less, however, the sales from said property which have occurred on the dates following:—
“Teles Terrebonne, (Deceased), to Teles Terrebonne Jr., about 17 years ago.
“Mrs. Teles Terrebonne to Remont Terrebonne, June 4th, 1917.
“Mrs. Teles Terrebonne to Rene Terrebonne, March 3rd, 1923.
“Mrs. Teles Terrebonne to Sylvere Blanchard, March 3rd, 1923.
“Mrs. Teles Terrebonne to Rene Terrebonne, April 21st, 1923.
“Mrs. Teles Terrebonne to Joseph Loraine, April 21st, 1923.
“Mrs. Teles Terrebonne to Rene Terrebonne, Dec. 27th, 1923.
“Mrs. Teles Terrebonne to Mrs. Marie T. Theriot, Dec. 27th, 1923.
“Mrs. Telles Terrebonne to Remont Terrebonne, sold about fourteen years ago.
“Thereby leaving to the ownership of the vendor, a strip of land measuring, twelve (12) feet in width, extending from the public road, on the lower side of the above described property, to a point about One Thousand and Seventy (1070) feet, from the Public Road, thence the entire width of the property above described to the forty arpent line.
“The said Twelve Feet of land being and having been for the sole use of the property owners along said strip of land as a public right of way.”
Defendant-Appellant’s chain of title begins with the conveyance by Mrs. Teies Terrebonne to Mrs. Marie Terrebonne Theriot of date December 27, 1923, recorded in Conveyance Book 55, Folio 23, Entry 9081 of the Conveyance Records of the. Parish of Lafourche. The property therein conveyed being described as follows :
“ * * * all the following described property, with all its rights, privileges and belongings, to wit:
“A certain tract of (or) lot of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about Thirty-Nine, (39), miles below the town of Thibodaux, and which tract of land measures, Forty-Five Feet in width along the said Bayou Lafourche, by a depth of Two Hundred & Thirty, Feet, (230), from the Public Road, between parallel lines: • — with the privilege and usufructs of the Bature, in front of said lot or tract of land.
“The vendor hereby reserves her homestead, until her death on said tract or parcel of land herein sold. Said tract is bounded above by lands of vendress, in the rear and below by lands of vendress, now or formerly.”
On August 21, 1946 by deed recorded in Conveyance Book 122, Folio 429, Entry 70601 of the Conveyance Records of the Parish of Lafourche Mrs. Marie Terrebonne Theriot conveyed to Luden Anthony Theriot the following described property:
“ ‘A certain lot of ground situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, at about forty-two (42) miles below the town of Thibodaux, measuring Forty-Eight (48) feet front more or less along the said Bayou Lafourche, by Two Plun-dred-Thirty-Seven, (237) feet in depth; bounded in the front by the water edge of said Bayou Lafourche, above by land Wills Picou below by land Cheopha Guidry, and in the rear by land Calvin Bourg, together with all the buildings and improvements thereon and all rights, privileges and ad *526 vantages thereto belonging or appertaining.
“ ‘Vendress herein reserves for herself the use, habitation and usufruct of the property herein conveyed for during her life time.’ ”
By Act of Conveyance of date February 28, 1948 recorded in Conveyance Book 131, Folio 514, Entry 76920 of the Conveyance Records of the Parish of Lafourche Lucien Anthony Theriot conveyed to Ernest J. Theriot, defendant-appellant, the following described property:
“ ‘A certain tract of land or lot of ground situated in the Parish of La-fourche, State of Louisiana, on the right descending bank of Bayou La-fourche, at about Forty-two (42) miles below the Town of Thibodaux, Louisiana, measuring Forty-eight (48) feet front more or less along the said Bayou Lafourche, by Two Hundred Thirty-Seven (237) feet in depth; Bounded in the front by the water edge of said Bayou Lafourche, above by the land of Wills Picou, below by the land of Cleophas Guidry, and in the rear by the land of Calvin Bourg, together with all the buildings and improvements, rights and privileges, and advantages, ways and servitudes thereon and thereto belonging and appertaining.
‘“Vendor herein reserves for his Mother, Mrs. Marie Terrebonne Theriot, the use, habitation and usu-fruct of the property herein conveyed for the duration of her lifetime.
“ ‘Being the same property acquired by vendor herein from Mrs. Marie Terrebonne Theriot as per act of Sale passed before George Raymond, Notary Public, Lafourche Parish, State of Louisiana, on the 21st day of August, 1946.’ ”
Both Appellant and Appellee maintain that under the description of the land conveyed in the Act of Sale from the heirs of Teles Terrebonne to Mrs. Teles Terre-bonne, described supra, Mrs. Teles Terre-bonne acquired title to the disputed land in question, the batture.
In its written reasons for judgment the Trial Court, correctly we believe, defined the meaning of “batture” as used in the conveyances in the Parish of Lafourche in these words which we quote with approval:
“At the outset, we note that in this Judicial District the conveyance records show that the word ‘batture’ has been used from time immemorial to refer to a tract of land or a lot of ground on the bank of a stream, as distinguished from the words ‘allu-vion’ or ‘accretion’ or its use in the jurisprudence of this State as relating to an uncovered part of a river bed. The topography of this area shows that most of the highways were built on ridges paralleling the bayous; and the conveyance records show that for the past one hundred years or more the strip of land lying between the highway and the waters’ edge has always been commonly known and designated as the ‘batture’. In this case, the word ‘batture’ has been used to refer to some of the property described in the exhibits offered in evidence, and we construe it to have the same meaning which it has been given in this area long before we entered the practice of law and began examining titles forty years ago, that is, as referring to a lot of ground between the bajmu and the public highway.”
We have examined the conveyances of the lands excepted in the description by which Mrs. Teles Terrebonne conveyed to Remont Terrebonne, appellee, and in none of them do we find a conveyance by Mrs. Terrebonne of the fee title to the batture involved herein.
Particularly we direct our attention to the conveyance from Mrs. Teles Terre- *527 bonne to Mrs. Marie Terrebonne Theriot of date December 27, 1923, and especially to the description of the land therein conveyed shown in full, supra. The conveyance is of land measuring- “ * * * Forty-Five Feet in width along the said Bayou Lafourche, by a depth of Two' Hundred & Thirty, Feet, (230), from the Public Road, between parallel lines:— * * * ” then follows the language which we believe makes evident the fact that by this conveyance Mrs. Terrebonne did not convey the batture in dispute, in these words: “with the privilege and usufructs of the Batture, in front of said lot or tract of land.” In interpreting the instrument meaning must be given to the language used therein. There can be no doubt but by this conveyance vendor conveyed no fee title to the batture but created only a usu-fruct. For if it had been vendor’s intent to convey the fee title to the batture, the conveyance in fee of the title to the batture would have carried with it the use thereof. Furthermore, under LSA-Civil Code, Article 619, no servitude can be due by a thing to the owner of such thing. Thus, if by this conveyance vendor had intended conveying the title to the batture it would have been a legal impossibility to create a servitude in favor of the vendee on the land conveyed.
We are of the opinion that the title to the batture in question was conveyed by Mrs. Teles Terrebonne to appel-lee, Remont Terrebonne, in the conveyance of date December 28, 1927, the description thereof shown supra, and therefore he became owner of the batture acquired by Mrs. Teles Terrebonne in the conveyance of February 24, 1923. On March 12, 1957 Remont Terrebonne conveyed to Wiltz Picou, which deed is of record in Conveyance Book 218, Folio 503, Entry No. 147887 of the Conveyance Records of the Parish of Lafourche, a portion of the batture acquired by him from Mrs. Teles Terrebonne. The Trial Judge correctly excepted the land so conveyed from that portion of the batture which he recognized Appellee to be the owner of.
Accordingly, the judgment of the Trial Court in favor of plaintiff, Remont Terre-bonne, and against defendant, Ernest Theriot, is affirmed, decreeing said Plaintiff to be the true and lawful owner of the following described property:
“A certain tract of land or piece of ground located on the right descending bank of Bayou Lafourche at about 40 miles below the City of Thibodaux and measuring one half Q/z) arpent front on said Bayou Lafourche by a depth to State Highway No. 1, which said lot or batture lot is bounded above by Pierre Curóle, now or formerly below by Cleophas Guidry, now or formerly, east by Bayou Lafourche and west by State Highway No. 1.
LESS AND EXCEPT:
The uppermost thirty-five (35') feet in width along said public highway of said property by a depth to the water’s edge of Bayou Lafourche transferred by act of sale to Wiltz Picou on March 12, 1957 recorded in COB 218 at Page 503.”
and, as such, entitled to the full and undisturbed possession thereof; costs to be paid by the Defendant.
Affirmed.