LOTTINGER, Judge.
This is a suit brought by the plaintiff to be recognized as the owner of the usufruct of a certain batture piece of property lying between Louisiana State Highway No. 1 and the water’s edge of Bayou Lafourche. The plaintiff also prays in her petition that the defendant be ordered'to vacate the said property and to cease and desist from interfering with the plaintiff’s right to enjoy and use said usufruct and to order the defendant to remove all improvements, at his cost, placed on the property by him.
In 1923, the plaintiff purchased a lot of ground across Louisiana State Highway No. 1 from Bayou Lafourche, which highway parallels Bayou Lafourche, and with the purchase of this lot of ground, the plaintiff also acquired the privilege and usufruct of the batture in front of said lot or tract of land. On December 28, 1927, the defendant acquired the naked ownership of the batture tract of land. On August 21, 1946, the plaintiff sold to Lucien Anthony Theriot, her son, a certain tract of land, which included the property which the plaintiff had purchased in 1923, and by error the description also included the batture tract of land. In this sale, the plaintiff reserved for herself the use, habitation and usufruct of the property therein conveyed for her lifetime. In 1948, Lucien Anthony Theriot sold the property, using the same erroneous description which was used in his purchase from the plaintiff, to Ernest J. Theriot. In this sale, the vendor reserved for the plaintiff the use, habitation and usufruct of the property therein conveyed for the duration of the plaintiff’s lifetime. The title to the bat-ture was put in issue in 1957, when EiW/t Theriot, who is the plaintiff’s son, sought to stop the defendant from building a home on the batture. In 1958 the defendant filed suit against Mr. Ernest Theriot to establish title to the batture. The District Court found in favor of Mr. Terrebonne, the defendant in this suit, and in “Remont Terre-bonne vs. Ernest Theriot”, No. 5501 of the Docket of this Court, we affirmed the decision of the District Court and refused an application for rehearing. Subsequently the Supreme Court refused to grant writs on behalf of Mr. Ernest Theriot. In our opinion in this case, which is found at 140 So.2d 523, we stated that Mrs. Marie Terrebonne Theriot had merely acquired the usufruct to the batture, and had not acquired the title to the batture.
Subsequently, the defendant in this proceeding built a home on the batture in 1964, and the plaintiff brought this suit, demand *742 ing his ejectment and removal from the premises because of the usufruct which she had acquired in 1923. In defense, the defendant pleaded that the usufruct had been forfeited by non-usage for a period of ten years or more. The Trial Judge ruled in favor of the plaintiff and ordered that the premises be vacated and that the defendant remove the improvements placed thereon within 120 days from the date of the judgment. From this judgment, the defendant perfected this appeal.
The record shows, without serious dispute, that from 1923 to 1941, a Mrs. Beauregard Melancon, a sister to both parties in this proceeding, planted a garden on the upper part of this batture tract of land, this garden was planted with the permission of the plaintiff, and the plaintiff had the occasion to use vegetables from this garden at various times. Mr. Lucien Theriot, husband of the plaintiff, from 1923 to 1945 owned and operated boats during this period of time. He docked these boats along a wharf which was constructed on the batture and he maintained this wharf. From 1923 to the late 1930’s, the young children of plaintiff’s family would cut the grass and keep the batture in a neat condition. It is the period from 1945 until approximately 1961 that is in serious dispute.
The defense witnesses testified that from 1945 to 1961, this batture tract of land was allowed by the plaintiff to grow in weeds, and it was not taken care of nor used by the plaintiff or anyone else for her. These witnesses did admit that it was possible that the plaintiff or someone for her had cut the grass on this batture lot of ground, but that they had not seen them cutting the grass. The plaintiff presented witnesses, to be exact ten in number not including th plaintiff, who testified that during this period from 1945 to and including 1961, they saw Mr. Ernest Theriot, the son of the plaintiff, at various times cutting the grass on the batture. They also testified that between the years 1949 and 1957 he operated boats and during this period of time docked these boats at the wharf constructed on the edge of this batture. Mr. Theriot testified that during the years 1952 and 1953, he placed a pile of oyster shells on this bat-ture. This testimony is corroborated by another witness who testified that he saw this pile of shells on the batture, and further corroborated by a completely disinterested witness who testified that he not only saw the pile of oyster shells on the batture, but that he acquired from Mr. Theriot the use of some of these shells, and that he personally removed them from the batture.
It is provided by LSA-C.C. art. 618 that, “[t]he usufruct may be forfeited likewise by the non-usage of this right by the usu-fructuary or by any person in his name, during ten (10) years, whether the usufruct be constituted on an entire estate, or only on a divided or undivided part of an estate.” It is also provided in LSA-C.C. art. 3546, that “[t]he rights of usufruct, use and habitation and servitudes are lost by non-use for ten (10) years.”
The defendant argues that since Mr. Ernest Theriot acquired the naked ownership of the batture tract of land in 1948, any use by Mr. Theriot of the batture was for himself and not for his mother, the plaintiff.
There is testimony in the record that the plaintiff asked her son, Ernest J. Ther-iot, to take care of and look after her prop-perty, and she included the batture in this. Though the plaintiff did not give her son express permission to use her property, including the batture, we are of the opinion that her requesting him to care for and look after the property was in the least an implied expression of permission to use the property.
At 1 Planiol, Civil Law Treatise (An English Translation by the Louisiana State Law Institute) No. 2824 (1959), it is stated :
“The right which remains vested in the owner during the usufruct, divested as it is of enjoyment, is called naked ownership. The owner may dispose of it sub *743 ject to the usufructuary’s rights (Art. 612). He may sell it. If it apply to im-movables, he may mortgage it. His creditors may seize it, hut the purchaser or the adjudicatee can never enter into enjoyment of it until after the extinction of the usufruct. Regarding the transfer of the naked ownership of registered securities, see Rowen, July 12, 1905, D. 1905.2.-151.” (Emphasis supplied)
As stated in Planiol, the naked owner has no right to use the property of which he is the naked owner, for this right belongs exclusively to the usufructuary. Even though Mr. Theriot thought he was the naked owner of this batture tract of land, he was using the property with the implied permission of his mother, the plaintiff,
Considering the fact that a naked owner can never enter into the enjoyment of the use of the property until after the extinction of the usufruct, and that Mr. Ther-iot did have the implied permission of the usufructuary to use the property, we are of the opinion, that any use made of the property by Mr. Theriot was not for himself as a proposed naked owner, but was for the use and benefit of the usufructuary. Therefore, since the plaintiff used the property through Mr. Ernest Theriot, her son, she has not forfeited her usufruct for non-usage of ten (10) years.
The property subject to this usufruct is described in the judgment of the Lower Court as follows:
“A certain lot of ground situated in the Parish of Lafourche, State of Louisiana on the right descending bank of Bayou Lafourche at about forty (40) miles below the City of Thibodaux, Louisiana, which said lot of ground measures forty-five (45') feet front, more or less, on the water’s edge of Bayou Lafourche by a depth to Louisiana State Highway No. 1 and which said lot of ground or batture lot is bounded in front or east by the water’s edge of Bayou Lafourche, on the west by Louisiana State Highway No. 1, above by lands of Wiltz Picou, now or formerly, and below by lands of Cleophas Guidry, now or formerly.”
Therefore, for the reasons hereinabove assigned, the judgment of the Trial Court is affirmed at appellant’s cost.
Judgment affirmed.