LGAIDRY, J.
In this case, plaintiff, an inmate in the custody of the Department of Public Safety and Corrections, appeals a trial court judgment dismissing his petition for judicial review. After reviewing the record, we stay these proceedings in accordance with La. R.S. 15:1186 until all accrued costs and fees have been paid.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Larry Nichols, was convicted in a disciplinary board proceeding of being a threat to security. The charges stemmed from tips from two confidential informants that Nichols had created two knives while on work assignment. Nichols was sentenced to a transfer to maximum custody.
Nichols filed a “Petition for Judicial Review,” in which he claimed that his sentence to a transfer to maximum custody was unlawful and requested the following relief:
1. Direct defendants to pay plaintiff $10,000.00 compensatory damages;
2. Direct defendants to pay the plaintiff $20,000,00 in punitive damages;
3. Direct the defendants to pay the plaintiff the sum of $150.00 per day for each day plaintiff was/is unconstitutionally confined in extended lockdown pertinent to the unlawful charge of incident report for threat to security;
4. Order the defendants to pay all court costs in this instant case;
5. Direct defendant Burl Cain to transfer the plaintiff to Hunts Correctional Institution-Center or Washington Correctional Institution in hopes that plaintiff won’t suffer the retaliation repercussions by corrections officials at Louisiana State Prison;
6. Grant such other, further and different relief as it may appear that plaintiff is entitled or as this Honorable Court may deem appropriate and just.
Nichols later filed a Petition and/or Application for an Injunction or Restraining Order seeking to have the court bar defendants from retaliating ^against him and to improve the conditions of his confinement in extended lockdown.
The defendants filed a motion to strike Nichols’ claims seeking monetary relief since monetary damages are not available in the disciplinary appeal .process or in judicial review of a disciplinary board appeal.
After an August 12, 2002 hearing, the commissioner recommended that the district court grant the defendants’ motion to strike, dismiss Nichols’ request for injunc- *656 tive relief without prejudice, and dismiss Nichols’ request for judicial review with prejudice at Nichols’ cost.
In a December 23, 2002 judgment, the district court granted defendants’ motion to strike, dismissing Nichols’ request for injunctive relief without prejudice, and dismissed Nichols’ request for judicial review with prejudice.
This appeal followed, and Nichols assigns the following trial court errors:
1. The district court erred in failing to find that Nichols’ “substantial, statutory, and constitutional rights” were violated when he was placed in lock-down.
2. The district court erred in failing to find that the defendants showed a “specific and deliberate conduct to violate clearly established statutory and constitutional rights.”
3. The district court erred in failing to find that all defendants were liable for the “wanton and unnecessary infliction of pain and suffering wrought on [Nichols] consequently to his unlawful confinement in lock-down.”
|44. The district court erred in failing to find that defendants are not entitled to qualified immunity in “this suit for monetary damages and injunc-tive relief via judicial review.”
5. The district court erred in failing to vacate or set aside the decision of the Department of Public Safety and Corrections and remand the matter back to the Department of Public Safety and Corrections for retrial.
6. The district court erred in failing to find that Nichols exhausted his available administrative remedies prior to filing suit in district court.
Prior to oral arguments in this matter, the defendants filed a “Motion to Enforce Automatic Stay” under La. R.S. 15:1186, which we referred to the merits.
DISCUSSION
Louisiana Revised Statutes 15:1177 provides that any offender who is aggrieved by an adverse decision by the Department of Public Safety and Corrections rendered pursuant to any administrative remedy procedures may seek judicial review of the decision in the 19th Judicial District Court. However, subsection (C) of this statute states that § 1177 shall not apply to delic-tual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions. La. R.S. 15:1177(C).
Nichols’ petition, although styled a “Petition for Judicial Review,” is actually a delictual action. The relief he seeks is not reversal of his disciplinary board conviction for being a threat to security and sentence to a transfer to maximum custody; rather, he seeks monetary damages for the rights violation he claims occurred when he was wrongfully convicted and sentenced.
| ^Nichols’ petition for injunctive relief, filed some time after his petition for judicial review, arose from an entirely different set of facts than those that were the subject of the judicial review. The request for an injunction related to acts which allegedly occurred during the pendency of this suit, including disciplinary action taken against him for allegedly tearing pages out of law books, and which Nichols claims were retaliatory in nature. He also seeks to have the conditions of his confinement in extended lockdown improved. The claims for which Nichols seeks injunctive relief are subject to the administrative remedies procedure, and Nichols must ex *657 haust his administrative remedies prior to filing suit in district court.
Louisiana Revised Statutes 15:1186, regarding proceedings in forma pauperis, provides that an “order granting a prisoner’s request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid.” La. R.S. 15:1186(2)(a). If at any time during the pendency of the action additional costs of court or fees due the clerk by the prisoner accrue and are unpaid, the action may be stayed by the court on its own motion or upon motion of the clerk or any other party until all such additional costs are paid. La. R.S. 15:1186(2)(b).
The only circumstances under which the action will not be stayed are when the court makes a written finding that:
1. the suit is a proceeding for judicial review brought pursuant to La. R.S. 15:1177;
2. the suit is a proceeding for post-conviction relief or habeas corpus proceeding challenging the fact or duration of confinement in prison; or
R3. the inmate is in imminent danger of serious physical injury, the suit solely seeks injunctive relief to avoid the danger, and relief is available in the suit which will avert the danger.
None of these circumstances are present in this case. Although styled a “Petition for Judicial Review,” we have previously noted that this is in fact a delictual action, which does not fall under La. R.S. 15:1177. Additionally, though Nichols seeks injunc-tive relief in this action, there is no indication that he is in imminent danger of serious bodily injury, and this suit does not solely seek injunctive relief to avoid this danger. Finally, this is not a proceeding for post-conviction relief or habeas corpus challenging the fact or duration of confinement in prison. Thus, a stay of these proceedings is appropriate under La. R.S. 15:1186.
DECREE
For the above reasons, we remand these proceedings to the trial court with instruction to order a stay in accordance with La. R.S. 15:1186 until all costs and fees owed the trial court by Nichols are paid. Costs of this appeal are assessed to plaintiff, Larry Nichols.
REMANDED WITH INSTRUCTIONS.
FITZSIMMONS, J., dissents in part and assigns reasons.