**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0478

DALE MILLER

VERSUS

COL. NICK SANDERS; AND STATE OF LOUISIANA THROUGH LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS LOUISIANA STATE PENITENTIARY

*DATE OF JUDGMENT:* DEC 0 6 2024

ON APPEAL FROM THE TWENTIETH JUDICIAL DISTRICT COURT
PARISH OF WEST FELICIANA, STATE OF LOUISIANA
NUMBER 23832, DIVISION A

HONORABLE KATHRYN E. JONES, JUDGE

* * * * * *

Donna U. Grodner
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellant
Dale Miller

Lee J. Ledet
Baton Rouge, Louisiana

Counsel for Defendants-Appellees
Col. Nick Sanders and State of
Louisiana, through Louisiana
Department of Public Safety and
Corrections, Louisiana State
Penitentiary

* * * * * *

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

Disposition: AFFIRMED.

Welch, J. concurs without reasons.

**Chutz, J.**

Plaintiff, Dale Miller, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a trial court judgment dismissing his damages suit on the grounds of abandonment under La. R.S. 15:1186. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

According to plaintiff, he sustained permanent nerve damage to his left hand on August 20, 2019, while working as a member of an inmate fence crew at the Louisiana State Penitentiary. He alleges he was injured on that date when Colonel Nick Sanders, an employee of DPSC, ordered him to lift a portion of a razor-wire fence to remove grass and weeds underneath even though plaintiff was not equipped with protective gear.

After exhausting his administrative remedies, on April 24, 2020, plaintiff filed a petition for damages against Sanders and DPSC (defendants). On the same date, plaintiff also filed a motion to proceed *in forma pauperis*, which the trial court granted.

Under La. R.S. 15:1186(B)(2)(a), an order allowing a prisoner to proceed *in forma pauperis* in a civil action is supposed to automatically stay all proceedings, including service of process, until the prisoner pays all court costs owed to the clerk of court. See *Nichols v. Cain*, 03-1169 (La. App. 1st Cir. 4/2/04), 871 So.2d 654, 657, writ denied, 04-1711 (La. 10/8/04), 883 So.2d 1017. This did not occur in this case when plaintiff filed suit in April 2020, and defendants were served with plaintiff's petition and filed an answer. Additionally, defendants participated in discovery. In September 2020, however, defendants filed a motion to stay proceedings pursuant to La. R.S. 15:1186(B)(2)(a) until plaintiff paid all costs owed, which the trial court granted on November 10, 2020.

On August 2, 2023, plaintiff filed a motion to lift the stay in this matter, alleging all court costs due as of that date had been paid. In their opposition

2

memorandum, defendants not only opposed plaintiff's motion, but also requested this suit be dismissed as abandoned since plaintiff had not paid all court costs owed within three years of when they were incurred as required by La. R.S. 15:1186(B)(2)(c).

Following a hearing, the trial court concluded plaintiff's suit was abandoned under La. R.S. 15:1186(B)(2)(c). On February 15, 2024, the trial court signed a judgment denying plaintiff's motion to lift stay and dismissing his suit against defendants without prejudice. Plaintiff now appeals.

**APPLICABLE LAW**

The Prison Litigation Reform Act, La. R.S. 15:1181 *et seq.*, provides that when a prisoner brings a civil action *in forma pauperis*, the prisoner shall still be required to pay the full amount of the filing fee. La. R.S. 15:1186(A)(2); *Buckenberger v. Garcia*, 17-1283 (La. App. 1st Cir. 12/27/18), 2018 WL 6804121, at *1 (unpublished). While La. R.S. 15:1186(B)(1) permits a prisoner who has been granted pauper status to pay the fees owed to the clerk of court in increments, it does not permit the prisoner to totally avoid payment of the filing fees. *Johnson v. State ex rel. Department of Public Safety & Corrections*, 14-0692 (La. App. 1st Cir. 12/23/14), 2014 WL 7278694, at *6 (unpublished), <u>writ denied</u>, 15-0114 (La. 4/10/15), 163 So.3d 810. A prisoner has three years from the time court costs and fees are incurred to complete payment thereof. <u>See</u> La. R.S. 15:1186(B)(2)(c). The consequences of a prisoner failing to pay court costs and fees within this period is clearly set forth in La. R.S. 15:1186(B)(2)(c), which states: "If the prisoner does not pay the full court costs or fees within three years from when they are incurred, the suit shall be abandoned and dismissed without prejudice." This provision discourages the filing of nuisance lawsuits by requiring indigent prisoners to weigh the costs of litigation against the merits of any potential claims. *Rhone v. Ward*,

3

45,008 (La. App. 2d Cir. 2/3/10), 31 So.3d 591, 596, <u>writ denied</u>, 10-0474 (La. 4/30/10), 34 So.3d 291.

## DISCUSSION

On appeal, plaintiff argues the trial court erred in failing to find the three-year abandonment period provided by La. R.S. 15:1186(B)(2)(c) was subject to interruption, waiver, and/or acknowledgement by defendants' actions. Specifically, he contends the abandonment period was interrupted and/or waived in this case when defendants filed an answer and participated in discovery. Due to these alleged interruptions, plaintiff contends the three-year period did not begin to run anew until the alleged interruptions and/or waivers of the abandonment period ceased upon the trial court entering a stay order on November 10, 2020, on defendants' motion.

It is undisputed plaintiff failed to pay the court costs he owed within three years of incurring those costs upon filing his suit on April 24, 2020. See *Richard v. Martin*, 22-214 (La. App. 5th Cir. 2/1/23), 358 So.3d 890, 892-93 (court costs are incurred upon filing of suit). Plaintiff concedes he did not pay all outstanding costs until July 31, 2023. Thereafter, he filed a motion to lift the stay, representing that all court costs due had been paid. Defendants responded by filing an opposition alleging that, since plaintiff failed to pay the owed court costs within three years of the date they were incurred, his suit should be dismissed as abandoned. Following a hearing, the trial court ruled plaintiff's suit was abandoned under La. R.S. 15:1186(B)(2)(c), stating:

> [H]onestly, the stay should have been initiated when the pauper order was filed with my notation on it that it was granted [on April 30, 2020], but granted pursuant and under [La. R.S.] 15:1186. **Consequently, I think that is the proper time in which -- at which the three year period should have begun to have accrued.**
>
> The fact that the defendants filed answers and discovery between the time of the signing of pauper -- filing of the petition, signing of the pauper order, and then the subsequent signing of the stay order, I don't think in this – under [La. R.S.] 15:1186, I do not believe that is a waiver of the prescriptive period that is provided for in [La. R.S.] 15:1186.

4

> Consequently, I will deny the Motion to Lift Stay. And under [La. R.S.] 15:1186B(2)(c)[,] [I] find that the suit is deemed abandoned and dismissed without prejudice.

[Emphasis added.]

Based on our review, we find no error in the trial court's dismissal of plaintiff's suit as abandoned pursuant to La. R.S. 15:1186(B)(2)(c) since he failed to pay the court costs he owed within three years of incurring those costs. There is no merit in plaintiff's argument that the jurisprudence relating to interruptions, waivers, and acknowledgements of the abandonment period provided by La. C.C.P. art. 561 applied equally to the abandonment period provided by La. R.S. 15:1186(B)(2)(c). Under Article 561, the failure that triggers abandonment is the failure of any party to take any steps in the prosecution or defense of the action within three years. Thus, any steps taken in the prosecution or defense of the matter by any party logically interrupts and/or waives the abandonment period. See La. C.C.P. art. 561. The same logic does not apply to La. R.S. 15:1186(B)(2)(c) because the failure that triggers abandonment under that statute is not the failure to take steps in the prosecution or defense of the matter (such as filing an answer or participating in discovery), but the prisoner's failure to pay all court costs owed within three years of those costs being incurred.

Accordingly, we agree with the trial court that defendants' actions prior to the entry of the November 2020 stay order had no effect on the running of the abandonment period provided by La. R.S. 15:1186(B)(2)(c). This three-year period commenced when plaintiff initially incurred court costs upon filing his suit on April 24, 2020. Since plaintiff did not pay the court costs owed until more than three years later on July 31, 2023, the trial court properly dismissed his suit without prejudice pursuant to La R.S. 15:1186(B)(2)(c).

5

## CONCLUSION

For these reasons, we affirm the judgment of the trial court dismissing the suit of plaintiff, Dale Miller, against defendants, Colonel Nick Sanders and DPSC, without prejudice. Plaintiff is to pay all costs of this appeal.

**AFFIRMED.**